FILED
2016 Apr-01 PM 12:58
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| **MICHELLE NOBLES,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No. 5:13-CV-2318-CLS |
| ) | |
| **LOGICORE CORPORATION,** ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on defendant's motion *in limine*.[1] Defendant asks the court to exclude nine categories of evidence from presentation during the bench trial set to commence on April 11, 2016.

Defendant first asks the court to exclude "evidence and testimony regarding claims of alleged race discrimination made by other former employees of LogiCore," Damiun Cox and Wintry Drake.[2] The Eleventh Circuit has held that evidence of discriminatory acts suffered by other employees can be used, under certain circumstances, to prove an employer's intent to discriminate. *Goldsmith v. Bagby Elevator Co., Inc.,* 513 F.3d 1261, 1286 (11th Cir. 2008).[3] Typically, such "me too"

---

[1] Doc. no. 65. Plaintiff did not file a motion *in limine*.

[2] *Id.* at 1.

[3] This holding is consistent with Federal Rule of Evidence 404(b), which states that while evidence of other crimes, wrongs, or other acts is not admissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," it is

evidence will be allowed if it involves employment decisions made by the same person who made the decisions affecting the plaintiff, and if the witness (the other employee offering evidence of alleged discrimination) held a position similar to the plaintiff's, and experienced an employment situation similar to the plaintiff's. *Id.* More specifically, another judge in this district has stated that the following factors should be considered in determining whether to admit "me too" evidence:

> whether the allegations of discrimination occurred close in time to [the plaintiff's] allegations, whether the other employees alleging discrimination had similar job positions as [the plaintiff], whether they were demoted or terminated for reasons similar to Defendants' proffered reason for demoting [the plaintiff], and whether there was a common decisionmaker.

*Davis v. Dunn Construction Co.,* 872 F. Supp. 2d 1291, 1318 (N.D. Ala. 2012) (Proctor, J.) (alterations supplied). It must also be remembered that, "[e]ven when 'me too' evidence is relevant under Rule 401, the district court retains the discretion to exclude that evidence, under Rule 403, if it is unduly prejudicial, confusing, misleading, or cumulative." *Adams v. Austal, U.S.A., L.L.C.*, 754 F.3d 1240, 1258 (11th Cir. 2014) (alteration supplied).

Both Mr. Cox and Ms. Drake have filed cases against LogiCore in this district. In Mr. Cox's case, which involves claims of race discrimination and retaliation,

---

admissible for other purposes, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b).

LogiCore's motion for summary judgment remains pending.[4] Ms. Drake's claims for gender discrimination and retaliation have been dismissed, but her remaining claim for race discrimination is set for trial on June 13, 2016.[5] After reviewing those cases, the court concludes that, even though the discrimination allegedly suffered by Mr. Cox and Ms. Drake occurred close in time to the discriminatory acts about which plaintiff complains in this case, the positions occupied by Mr. Cox and Ms. Drake, and the circumstances surrounding the termination of their employment, are too different from Ms. Nobles' situation. Thus, any probative value to be found in testimony from Mr. Cox and Ms. Drake about their own claims of discrimination would be substantially outweighed by the risk of unfair prejudice, confusing the issues, undue delay, and, particularly, waste of time. *See* Fed. R. Civ. P. 403. There is no need to conduct "mini-trials" on Mr. Cox's and Ms. Drake's claims during the course of Ms. Nobles' trial. Mr. Cox and Ms. Drake will have their own days in court. Accordingly, defendant's motion *in limine* is GRANTED with regard to "me too" evidence from Mr. Cox or Ms. Drake, and no such evidence will be allowed at trial.

---

[4] *See Damiun Cox v. LogiCore Corporation*, Civil Action No. 5:13-cv-2132-MHH, doc. nos. 1 (Complaint) and 21 (Motion for Summary Judgment).

[5] *See Wintry Drake v. LogiCore Corporation*, Civil Action No. 5:14-cv-0493-CLS, doc. nos. 1 (Complaint), 46 (Memorandum Opinion and Order on Motion for Summary Judgment), and 54 (Pretrial Order).

Because this will be a bench trial, there is no need for the other evidentiary issues raised in defendant's motion to be addressed *in limine*. *See Harris v. Rivera*, 454 U.S. 339, 346 (1981) ("In bench trials, judges routinely hear inadmissible evidence that they are presumed to ignore when making decisions."). Accordingly, except as set forth in the preceding paragraph, the motion *in limine* is DENIED.

DONE this 1st day of April, 2016.

_____
United States District Judge